**KAMNETZKY et v GLOVER**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 11466. Decided May 4, 1931

HORNBECK, PJ, KUNKLE, J (2nd Dist) and SHERICK, J, (5th Dist) sitting.

Paul Howland, Cleveland, for plaintiff in error.

George W. Spooner, Cleveland, for defendant in error.

732

BY THE COURT:

The plaintiffs in error in their petition in error allege various grounds of error but the claimed errors which are stressed in the brief of counsel for plaintiffs in error are as follows:

1. That evidence was permitted to go to the jury over the objection of defendants without any limitation or caution in reference to another accident which occurred on these stairs some months prior to this accident in question.

We have considered the record insofar as this question is concerned and find that counsel for defendant in error when the question was asked of the witness, upon at least two different occasions stated to the court that this evidence was being introduced only for the purpose of showing that the plaintiffs in error had previous notice of the condition of the stairway. The testimony was competent for this purpose and the statement having been made at least twice in the hearing of the jury that it was being presented only for that purpose, we are of the opinion that the evidence could not be considered as being prejudicial to plaintiffs in error.

The trial court in its general charge to the jury did not specifically refer to this evidence but at the conclusion of the court's general charge, the record shows the following:

"Now have counsel observed any misstatements or anything further you would wish?

Mr. Spooner: "You may say that pleadings are not evidence."

"The pleadings are not evidence, they simply state the issues in the case."

Mr. Howland: I notice in the petition, your Honor, an allegation to the effect that plaintiff had incurred medical expenses in an effort to cure himself. There has been no testimony of this. There has been no testimony at all on that and you could not guess at it so that you will not allow anything." It would be disregarded there is no claim for it.

The Court: "That will be disregarded by the jury.

Mr. Howland: The defendant excepts to the statement of the court as to the duty devolving upon the landlord in connection

with the premises and also a general exception.

Mr. Spooner: Just give me a general exception."

The court might properly have stated to the jury in its general charge the purpose for which the testimony in question was admitted. This is not a case, however, in which the court assumed to charge and did so incorrectly but is a case in which the court merely omitted a charge upon that phase of the evidence. Counsel were given an opportunity to suggest any further instructions that were desired. In fact they were invited to call the court's attention to anything further upon which they desired an instruction. An additional instruction was given upon another question, but no reference was made by counsel to the testimony in dispute.

From the state of the record we find no prejudicial error in this respect.

Objection is also made by counsel for plaintiff in error to the refusal of the trial court to give all of the special interrogatories or findings of fact which were submitted by plaintiffs in error. Numbers 1, 6 and 8 were given. These interrogatories are as follows:

1. Did the defendants have knowledge either actual or constructive, that the board known as the tread on the fifth step from the bottom of the stairway, was liable to split off at the time of the accident?

And the jury answered "Yes."

6. Did the plaintiff have knowledge of the condition of the stairway and particularly the fifth step thereof from the bottom, immediately prior to the accident?

And the jury answered "No."

8. Did the defendants knowingly allow said fifth step from the bottom of said stairway to become and remain in a defective, unsafe and dangerous condition?

And the jury answered "Yes."

Some of the interrogatories refused, we think were improper. It is especially urged that the court erred in refusing to give request No. 2, namely: "Did plaintiff after the repair of the fifth step from the bottom of said stairway have equal means and equal opportunity with defendants of knowing the condition of the fifth step from the bottom of said stairway?

If the defendants had knowledge that the board known as the tread on the fifth step from the bottom of the stairway was liable to split off at the time of the accident and the plaintiff below had no knowledge of the condition of the stairway, and particularly

the fifth step thereof from the bottom of the stairway, prior to the accident, as shown by the answer to Nos. 1 and 6 then we cannot see how the plaintiffs in error were prejudiced by the failure to specifically answer the second interrogatory. We think the answers to number 1, 6, and 8 necessarily show what the answer to No. 2 must have been, had the same been submitted.

The answer to interrogatory No. 1 shows the plaintiffs in error had knowledge of the condition of the steps and the answer to interogatory No. 6 shows that the defendant in error did not have knowledge of the condition of said step.

The answer to interrogatory No. 8 shows that the plaintiff in error knowingly allowed said fifth step from the bottom of said stairway to become and remain in a dangerous 'condition.

As above stated we do not think plaintiffs in error were prejudiced by the failure of the trial court to give No. 2 or any of the other competent special interrogatories.

It is further claimed by counsel for plaintiff in error that there is prejudicial error in the charge of the court with reference to the failure to properly charge upon contributory negligence. Contributory negligence was not plead as a defense but the court did charge upon that subject. It is claimed that the court erred in failing to say to the jury that if defendant in error's own testimony in support of his cause of action raised a presumption of contributory negligence, that the burden would then be upon him to counter-balance that presumption before he could recover. That would have been a proper charge upon the question of contributory negligence.

Counsel for defendant in error claims that the question of contributory negligence is not in the case and that there was nothing in the testimony of defendant in error which raised that issue or from which contributory negligence could be inferred. We are inclined to think that the answers to the interogatories support this claim of counsel for defendant in error but in addition to this we think the charge of the trial court upon this subject is such that its failure to specifically state that if the testimony of defendant in error raised a presumpion of his own contributory negligence then the burden would be upon him to remove that presumption before he can recover, would not be prejudicial. We find on pages 158 in the charge of the trial court the following:

"In order to make the defendant liable it must also appear by a preponderance of the greater weight of the evidence that the

injuries sustained by plaintiff resulted from and were brought about by the negligence of defendant as the proximate cause of the injuries. The burden is upon plaintiff to make out his case by a preponderance or the greater weight of all the evidence. That is, by evidence which is more convincing and of greater weight in your minds when it is compared to the evidence produced by the evidence submitted to you into account, and if you should find the evidence equally balanced or preponderating in favor of the defendant, then your verdict must be for the defendant."

On page 159 the court stated to the jury:

"If he did, he met the requirements of the law and was not called upon to do more. If he did not maintain the stairway in a reasonably safe condition but allowed it to be in an unsafe condition then he was negligent in that respect and if such negligence was the proximate cause of the plaintiff's injury, **while he himself was not negligent in any manner** which caused or contributed to his own injury, then your verdict should be for the plaintiff."

When the charge of the court is considered as a whole, we are of the opinion that there is nothing contained therein or omitted therefrom which could be considered as being prejudicial to the plaintiffs in error. We think a fair consideration of the charge of the court shows that it imposed a greater burden upon the plaintiff than the laws requires.

It is also claimed that the verdict is against the manifest weight of the testimony. We have read this record with considerable care and are not prepared to find that the verdict is against the manifest weight of the evidence.

It is also claimed that the verdict is excessive and is the result of passion and prejudice. While we concede that the allowance made by the jury is quite liberal, yet in view of the nature of the injuries which defendant in error received and the possibility of one of such injuries being permanent, we would not feel justified in holding that the verdict is so excessive as to indicate either passion or prejudice.

We have considered all the grounds of error urged by counsel for plaintiffs in error in his brief and oral argument, but finding no error in the record which we consider prejudicial to plaintiffs in error, the judgment of the lower court is affirmed.

HORNBECK, PJ, KUNKLE and SHERICK, JJ, concur.